26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William M. SHERNOFF, Plaintiff-Appellant,
v.
MCMAHAN, BRAFMAN, MORGAN & CO., a limited partnership, aka
MCMAHAN & CO.; DOES I--XXX, Defendants-Appellees.
 No. 92-56578.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1994.*
Decided June 15, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William M. Shernoff sued McMahan, Brafman, Morgan & Co. ("MBM") for securities fraud in relation to his investment in a New York limited partnership in 1982. Shernoff appeals the district court's grant of summary judgment to the appellees based on the running of the statute of limitations and Shernoff's assignment of his rights to McMahan. We affirm.
 
 
 3
 * The statute of limitations for securities fraud commences when the plaintiffs are put on inquiry notice of the fraud. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1410 (9th Cir.1987). In Volk, we held that the plaintiffs were put on inquiry notice when they had received a report stating that an IRS action could result in disallowing tax deductions and a subsequent updating letter. Id. at 1410.
 
 
 4
 In letters to current and past investors, including Shernoff, dated April 2, 1985, December 9, 1986, and April 10, 1987, Mr. McMahan mentioned tax audits undertaken by the IRS. In a letter dated January 5, 1988, McMahan reported to investors that the IRS had issued 30-day letters to MBM and most of its limited partners. In a February 4, 1988 letter, McMahan advised these investors that MBM had retained legal counsel because of the IRS action. Finally, in a May 27, 1988 letter, McMahan advised the past and present limited partners that the IRS had suspended its audit of the 1983 and 1984 partnership returns because of a pending Grand Jury investigation.
 
 
 5
 We conclude that these letters constitute inquiry notice because they are "sufficient to make a reasonably prudent person suspicious of fraud." Briskin v. Ernst & Ernst, 589 F.2d 1363, 1367 (9th Cir.1978).
 
 
 6
 Shernoff acknowledges that the applicable statute of limitations is three years. Because Shernoff had inquiry notice on May 27, 1988, at the latest, he had to bring suit on or before May 27, 1991. Shernoff filed his claim against MBM on July 9, 1992. Therefore, Shernoff's claim was barred by the statute of limitations.
 
 II
 
 7
 Because we dispose of Shernoff's claim based on the statute of limitations, we do not reach MBM's argument that Shernoff assigned his rights to McMahan.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3